```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION

Boards of Trustees of Ohio     :
Laborers' Fringe Benefit
Programs,                      :

        Plaintiff,              :

    v.                          :        Case No. 2:16-cv-686

                                :        JUDGE MICHAEL H. WATSON
                                         Magistrate Judge Kemp
Olive Leaf Landscaping, Inc.,  :

        Defendant.              :
```

REPORT AND RECOMMENDATION

This matter is before the Court on a motion for default judgment filed by plaintiff Boards of Trustees of Ohio Laborers' Fringe Benefit Programs against Defendant Olive Leaf Landscaping, Inc.(Doc. 6).  For the reasons set forth below, the Court will recommend that the plaintiff's motion for default judgment be granted.

I. Background

The plaintiff organization is comprised of the trustees of four trust funds that are collectively known as the Ohio Laborers' Fringe Benefit Programs: the funds are the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund, the Ohio Laborers' Training and Apprenticeship Trust Fund, and the Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust. Pursuant to the collective bargaining agreements pertinent to this case, Plaintiff is obligated to collect contributions to the funds, which are administered jointly.

In its complaint filed on July 15, 2016, Plaintiff alleges

that the defendant was an employer who was bound, pursuant to collective bargaining agreements, to file monthly contribution reports, permit audits of its financial records, and make monthly contributions to the Ohio Laborers' Fringe Benefit Programs on behalf of all persons employed within the trade and territorial jurisdiction of a laborer, as defined in the collective bargaining agreements.  The complaint also alleges that Defendant breached the agreements by failing to make monthly contributions in the amount and manner prescribed by the collective bargaining agreements.  Based upon this alleged breach, the complaint sought the following relief:

- $7,452.13. in unpaid fringe benefit contributions, plus liquidated damages of $6,602.60, and interest on late and unpaid contributions in the amount of $370.13, for the period from August 1, 2015, through June 30, 2016;

- judgment for an undetermined amount for any unpaid contributions due to the funds from April 1, 2016 "to the date of this action and during its pendency, as may be revealed by an examination of its records, said damages to include liquidated damages of 10% and interest at the rate of 1% per month or double interest, whichever is greater";

- a mandatory permanent injunction ordering the defendant to submit monthly reports and to make monthly contributions; and

- the costs of collection, including reasonable attorney fees

(Doc. 1 at 2-3).  In addition, Plaintiff requested that this Court retain jurisdiction over this case pending the defendant's compliance with Court orders and that this Court declare that the defendant is bound by the collective bargaining agreements and various trust documents as alleged in the complaint.  Although the record reflects that Defendant was properly served with the complaint, it failed to respond.

On August 29, 2016, Plaintiff filed an application for an entry of default.  The Clerk entered default the following day.  Plaintiff then filed its motion for default judgment on September 27, 2016.  Again, despite the passage of time allowed for a response under the Local Civil Rules, Defendant has not responded.

## II. The Motion for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a party whose default has been entered by the clerk.  Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations relating to liability. See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995).  The mere determination of the defendant's liability does not, however, automatically entitle the plaintiff to default judgment. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Vesligaj v. Peterson, 331 Fed. Appx. 351, 355 (6th Cir. 2009), quoting Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). The decision to grant default judgment falls within the Court's discretion.  10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. §2685 (3d ed.).  In determining whether to enter judgment by default, courts often consider such factors as

> the amount of money potentially involved; whether material facts or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.  Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable

neglect on the part of the defendant.
Id. (footnotes omitted). Although the court may conduct an evidentiary hearing to determine damages, such a hearing is not a prerequisite to the entry of a default judgment if a detailed affidavit allows a decision on the record. See Joe Hand Promotions, Inc. v. RPM Mgmt. Co., LLC, 2011 WL 5389425 (S.D. Ohio Nov. 7, 2011).

In its motion for default judgment, the plaintiff seeks a total of $6,755.70 in liquidated damages and interest. In addition, Plaintiff requests costs in the amount of $400.00, which consists of the filing fee paid in this case. Although Plaintiff requested injunctive relief in the complaint, it does not request such relief in its motion for default judgment

It is undisputed that Defendant entered into agreements obligating it to make employer contributions pursuant to those agreements. Further, it is undisputed that it failed to make contributions or made contributions in a delinquent fashion and failed to pay interest as required by the agreements. Finally, the plan and funds at issue fall within the provisions of ERISA, 29 U.S.C. §1002(1) and 29 U.S.C. §1132(g), and LMRA, 29 U.S.C. §185.

Plaintiff supports its claim with an affidavit from a Contract Relations Manager, Megan Grosscup. Attached to her affidavit are the relevant collective bargaining agreement and a memorandum setting forth the amount owed by Defendant. It reflects that Defendant owes the requested amount as liquidated damages and interest on contributions not made in a timely manner.

The affidavit is sufficient to allow a decision on the record without an evidentiary hearing. Based upon the foregoing, the Court finds that the plaintiff seeks a sum certain which is authorized under the relevant statutes and agreements. Thus, the

Court will recommend that the plaintiff be awarded $6,755.70 in liquidated damages, and interest.  The Court will also recommend that Plaintiff be awarded $400.00 in Court costs.

Finally, the Court notes that Plaintiff has submitted an affidavit from its counsel listing the hours expended in this case and his hourly rate.  However, the motion itself does not request attorneys' fees, nor is such relief included within the proposed order.  Given the absence of a formal request for fees, the Court makes no order on that issue.

### III. Recommendation

For the reasons set forth above, it is recommended that the motion for default judgment (Doc. 6) be granted and judgment be entered against Defendant in the amount of $6,755.70 in liquidated damages, and interest; interest from the date of judgment at the rate of 1% per month; and $400.00 in costs.

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the

right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).


                                    <u>/s/ Terence P. Kemp</u>
                                  United States Magistrate Judge